# NO. 12-20-00194-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT DANE WILBURN,* *APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Robert Dane Wilburn appeals his conviction for indecency with a child. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Appellant filed a pro se brief. We affirm.

## BACKGROUND

Appellant was charged by indictment with indecency with a child and pleaded "guilty." The State further alleged that Appellant previously had been convicted of two felonies, to which Appellant pleaded "true."[1] The trial court accepted Appellant's pleas, and the matter proceeded to a trial on punishment.

At the punishment hearing, the trial court heard testimony from a police officer, who testified that Appellant was accused of committing another offense just days prior to the commencement of punishment proceedings. The victim testified to the circumstances underlying the offense. Moreover, Appellant's sister testified that Appellant committed similar sexual

---

[1] The State stipulated to the trial court that it only intended to use one of Appellant's plea of "true" for enhancement purposes.

offenses against her in the past.  Appellant and his wife testified on Appellant's behalf.  During his testimony, Appellant denied committing any sexual offenses against his sister.

Ultimately, the trial court found Appellant "guilty" as charged, found the relevant enhancement allegation to be "true," and sentenced Appellant to imprisonment for ninety-nine years.  This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  He further relates that he is well acquainted with the facts in this case.  In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[2]

Thereafter, Appellant filed a pro se brief, in which he raised the following issues: (1) the trial court erroneously held part of the punishment proceedings while he was absent; (2) he was convicted in spite of the fact that he was charged outside of the applicable limitations period for the offense; (3) he received ineffective assistance of counsel both at the trial and appellate level; and (4) the evidence supporting his conviction is insufficient in light of evidence he presented constituting an alibi.[3]  We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record.  *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

[3] We have construed Appellant's brief and the issues raised therein liberally in the interest of justice.  *See Gill v. State*, No. 12-11-00282-CR, 2012 WL 3804369, at *1 n.2 (Tex. App.–Tyler Aug. 31, 2012, pet. ref'd) (mem. op., not designated for publication).

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the appeal is ***affirmed***.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 21, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 21, 2021**

**NO. 12-20-00194-CR**

**ROBERT DANE WILBURN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1622665)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*